UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:13-cv-287-FDW
(3:06-cr-118-FDW-2)

| | |
|---|---|
| SEAN TREMAIN PHILLIPS, ) | |
| ) | |
| Petitioner, ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255, (Doc. No. 1).[1] For the reasons that follow, the § 2255 petition will be dismissed as untimely.

**I. BACKGROUND**

On July 13, 2006, Petitioner pled guilty in this Court, pursuant to a written plea agreement, to possession of a firearm of a convicted felon, and of aiding and abetting others in the possession of such firearms, in violation of 18 U.S.C. §§ 922(g)(1), and 924(e) and (2). See (Criminal Case No. 3:06cr118, Doc. No. 20: Acceptance and Entry of Guilty Plea ). On April 9, 2008, the Court sentenced Petitioner to 180 months imprisonment. (Id., Doc. No. 37: Judgment). On December 11, 2008, the Fourth Circuit dismissed Petitioner's appeal. (Id., Doc. No. 49: Judgment Dismissing Appeal). Petitioner did not file a petition for writ of certiorari with the U.S. Supreme Court. On or about May 9, 2013, Petitioner filed the instant § 2255 motion, asserting ineffective assistance of trial counsel arising out of counsel's advice to Petitioner

---

[1] Petitioner has not signed the petition under penalty of perjury. See Rule 2(b)(5), Rules Governing § 2255 Proceedings.

regarding whether Petitioner should plead guilty.[2] See (Doc. No. 1).

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 to include a one-year statute of limitations period for the filing of a motion to vacate. The limitation period runs from the latest of,

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

---

[2] Petitioner does not indicate when he placed the petition in the prison system for mailing. The petition was stamp-filed in this Court on May 9, 2013.

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

On December 11, 2008, the Fourth Circuit dismissed Petitioner's appeal. (Id., Doc. No. 48: Order). Because Petitioner did not file a petition for writ of certiorari with the U.S. Supreme Court, his criminal judgment became final for purposes of the statute of limitations ninety days later on March 11, 2009. See Clay v. United States, 537 U.S. 522, 527 (2003). The instant motion was not filed until more than four years later on or around May 9, 2013. Thus, the petition is untimely under § 2255(f)(1).

Petitioner contends that the petition is timely under 28 U.S.C. § 2255(f)(3), which provides that the petition may be filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Petitioner cites to Missouri v. Frye, 132 S. Ct. 1399 (2012), Lafler v. Cooper, 132 S. Ct. 1376 (2012), and Padilla v. Kentucky, 130 S. Ct. 1473 (2010) as Supreme Court cases that he contends have been made retroactively applicable to cases on collateral review. The petition, however, is not timely under § 2255(f)(3) because the cases Petitioner cites have not been made retroactively available on collateral review. That is, the Supreme Court held in Lafler and Frye that the Sixth Amendment right to counsel is violated when a defendant receives a harsher sentence as a result of the attorney's constitutionally deficient advice to reject a plea bargain, see Lafler, 132 S. Ct. at

3

1383, 1390-91, or as a result of an attorney's failure to inform the defendant of a plea offer from the government, see Frye, 132 S. Ct. at 1404, 1410-11. However, the Supreme Court has not held that either of these cases established a new right that is retroactively applicable to cases on collateral review. See In re King, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam); Hare v. United States, 688 F.3d 878-80 (7th Cir. 2012); Buenrostro v. United States, 697 F.3d 1137, 1140 (9th Cir. 2012); In re Arras, No. 12-2195, 2012 WL 7656637 (10th Cir. Dec. 11, 2012); In re Perez, 682 F.3d 930, 932-34 (11th Cir. 2012).

As for Padilla v. Kentucky, which was issued on March 31, 2010, the Supreme Court found that a claim that counsel failed to advise a defendant of the immigration consequences of pleading guilty is subject to the two-pronged analysis set out in Strickland v. Washington, 466 U.S. 688 (1984). Padilla, 130 S. Ct. at 1482. The U.S. Supreme Court recently held that Padilla did not recognize a new right that is retroactively applicable to cases on collateral review. Chaidez v. United States, 133 S. Ct. 1103, 1107 (2013) (observing that "garden-variety applications of the test in Strickland v. Washington . . . for assessing claims of ineffective assistance of counsel do not produce new rules"). Thus, the petition is not timely under § 2255(f)(3) as Petitioner contends.[3] Furthermore, the Court has independently review the other possible grounds for timeliness under § 2255(f), and the Court finds none of the other subsections applies to render the petition timely. Finally, Petitioner has presented no grounds for

---

[3] In any event, the one-year period set forth in § 2255(f)(3) begins to run on "the date on which the right asserted was initially recognized by the Supreme Court." 28 U.S.C. § 2255(f)(3). "An applicant has one year from the date on which the right he asserts was initially recognized by this Court." Dodd v. United States, 545 U.S. 353, 357 (2005). The § 2255 petition in this case was not filed within one year of the issuance of Lafler, Frye, or Padilla. Therefore, even if these cases were made retroactive on collateral review, the limitations period provided by § 2255(f)(3) would not apply to render the petition here timely.

4

equitable tolling, and the Court finds none.  In sum, the petition must be dismissed as untimely.

## IV. CONCLUSION

In sum, for the reasons stated herein, Petitioner's § 2255 motion is untimely, and the petition will therefore be dismissed.[4]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2255 motion, (Doc. No. 1), is **DENIED** and **DISMISSED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

---

[4] The Court is aware of the Fourth Circuit's directive in Hill v. Braxton, 277 F.3d 701, 706 (4th Cir. 2002), that a court must warn a petitioner that his case is subject to dismissal before dismissing a petition as untimely filed when justice requires it.  Here, however, such warning is not necessary because Petitioner addressed the statute of limitations issue thoroughly in his petition, specifically contending that his petition is timely under § 2255(f)(3).  Petitioner's argument regarding timeliness indicates no confusion over the timeliness issue.

Signed: May 19, 2013

Frank D. Whitney
United States District Judge